**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ABDERRAHMANE CHARRAD,

Petitioner,

v. No. 1:26-cv-02094-KG-GBW

WARDEN, *Torrance County Detention Center; et al.*,

Respondents.

**AMENDED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Abderrahmane Charrad's Amended Petition for a Writ of Habeas Corpus ("Amended Petition"), Doc. 13, the Government's Response, Doc. 18, and Petitioner's Motion for Preliminary Injunction, Doc. 14. Petitioner challenges his continued detention and seeks immediate release or, in the alternative, an individualized bond hearing. Doc. 13 at 16. For the reasons below, the Court grants the Petition and denies the Motion for Preliminary Injunction as moot.

Respondents do not contest the facts presented in the Petition. *See* Doc. 18 at 1 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). The Court therefore concludes that 8 U.S.C. § 1226(a) governs Petitioner's detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Petitioner's detention without a bond hearing constitutes a violation of his right to due process under the Fifth Amendment to the United States

Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to an individualized bond hearing and continued detention without such review was an ongoing violation of the right to due process); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. Mar. 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Due Process Clause of the Fifth Amendment).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

For the reasons above, the Court grants the Petition, Doc. 13, and denies the Motion for Preliminary Injunction, Doc. 14, as moot. It is hereby ordered:

1. The Government shall release Petitioner from custody within forty-eight (48) hours of this Order.
2. Upon Petitioner's release, the Government must return all of his property, including any identification documentation that was in his possession when he was detained. The Government shall provide a copy of this Order to Petitioner.
3. The Government must file a status report within five (5) business days of this Order's filing to certify their compliance.

4. If Petitioner is re-detained prior to final order of removal, all applicable regulations and procedures must be followed, including that Petitioner be provided a bond hearing pursuant to § 1226(a).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.